UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JAMES KERN, BX3065,

          Plaintiff,

    v.

SARA ARRIERO GOFF, NP,

          Defendant(s).

Case No. 25-cv-10555-CRB  (PR)

**ORDER OF SERVICE**

United States District Court
Northern District of California

     While Plaintiff James Kern was incarcerated at Pelican Bay State Prison (PBSP), he filed the instant pro se action under 42 U.S.C. § 1983 alleging that PBSP Nurse Practitioner Sara Arriero Goff was deliberately indifferent to his medical needs during a medical visit at PBSP on October 20, 2025.  Plaintiff seeks declaratory, injunctive and monetary relief.

     Because plaintiff was recently transferred to the Correctional Training Facility (CTF), his claims for declaratory and injunctive relief will be dismissed as moot and this action will be limited to his claim for monetary relief.[1]

**DISCUSSION**

A.    Standard of Review

     Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief

---

[1] When a prisoner is released from prison or transferred to another prison, and there is no reasonable expectation or demonstrated probability that he will again be subjected to the prison conditions from which he seeks declaratory/injunctive relief, as is the case here, the prisoner's claims for declaratory/injunctive relief may be dismissed as moot.  See Dilley v. Gunn, 64 F.3d 1365, 1368–69 (9th Cir. 1995) (injunctive relief); Alvarez v. Hill, 667 F.3d 1061, 1064 (9th Cir. 2012) (declaratory relief).

may be granted," or "seeks monetary relief from a defendant who is immune from such relief." Id. § 1915A(b). Pro se pleadings must be liberally construed. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

B.    Legal Claims

Plaintiff alleges that on October 20, 2025, he saw Nurse Practitioner Sara Arriero Goff (NP Goff) for three different "medical ducats." Compl. (ECF No. 4) at 3.[2] But when he tried to inform her that he had a separate issue for which he needed immediate medical attention – a boil that had erupted on his upper rear left leg – NP Goff responded, "I don't give a fuck if it's not on one of the ducats on our appointment." Id. And when plaintiff persisted and explained that he was feeling "dizzy, chills, faint and pain" from the erupted boil, NP Goff had plaintiff escorted out by a correctional officer and called plaintiff a "mother fucker." Id. Plaintiff was then "taken to a different clinic in the prison" where the boil was treated. Id.

Plaintiff further alleges that on October 31, 2025, he found out from the prison's physical therapy unit that "physical therapy for [his] ankles," which he had been waiting for since he fell on June 24, 2025, was changed to "physical therapy for [his] back" by NP Goff during the Octboer 20, 2025, appointment. Id. at 3b (emphasis added). Plaintiff claims this "alter[ation]" by NP Goff was "intentional[]" and unwarranted and delayed needed physical therapy for his ankles and caused him "more unnecessary pain and suffering." Id.

Prison officials violate the Eighth Amendment if they are "deliberate[ly] indifferen[t] to a prisoner's "serious medical needs." Estelle v. Gamble, 429 U.S. 97, 104 (1976). A medical need is serious if failure to treat it will result in "significant injury or the unnecessary and wanton infliction of pain." Peralta v. Dillard, 744 F.3d 1076, 1081 (9th Cir. 2014) (en banc) (citation and

---

[2] In prison systems, a medical ducat is a formal pass or authorization that permits a prisoner to leave their housing unit to attend a medical appointment.

2

internal quotations omitted). A prison official is "deliberately indifferent" to that need if he "knows of and disregards an excessive risk to inmate health." Farmer v. Brennan, 511 U.S. 825, 837 (1994). Neither negligence nor gross negligence is enough. Id. at 835–36 n.4.

Liberally construed, plaintiff's allegations that NP Goff altered plaintiff's pending order/ referral for physical therapy for his ankles to one for physical therapy for his back intentionally and without justification appear to state an arguably cognizable § 1983 claim for damages against NP Goff for deliberate indifference to plaintiff's serious medical needs. But plaintiff's allegations that NP Goff used profanity towards him and had him escorted to another prison clinic for treatment, although regrettable, fail to state a viable § 1983 claim for damages for violation of the Eighth Amendment and are dismissed under the authority of § 1915A(b). See also Freeman v. Arpaio, 125 F.3d 732, 738 (9th Cir. 1997) (allegations of verbal abuse/harassment fail to state claim cognizable under § 1983) overruled in part on other grounds by Shakur v. Schriro, 514 F.3d 878, 884-85 (9th Cir. 2008).

**CONCLUSION**

For the foregoing reasons and for good cause shown,

1.     The following defendant(s) shall be served:

a.     Sara Arriero Goff, NP (PBSP).

Service on the listed defendant(s) shall proceed under the California Department of Corrections and Rehabilitation's (CDCR) e-service program for civil rights cases from prisoners in CDCR custody. In accordance with the program, the clerk is directed to serve on CDCR via email the following documents: the operative complaint, this order of service, a CDCR Report of E-Service Waiver form and a summons. The clerk also shall serve a copy of this order on the plaintiff.

No later than 40 days after service of this order via email on CDCR, CDCR shall file with the court a completed CDCR Report of E-Service Waiver advising the court which defendant(s) listed in this order will be waiving service of process without the need for service by the United States Marshal Service (USMS) and which defendant(s) decline to waive service or could not be reached. CDCR also shall provide a copy of the CDCR Report of E-Service Waiver to the

United States District Court
Northern District of California

3

California Attorney General's Office which, within 21 days, shall file with the court a waiver of service of process for the defendant(s) who are waiving service.

Upon the filing of the CDCR Report of E-Service Waiver, the clerk shall prepare for each defendant who has not waived service according to the CDCR Report of E-Service Waiver a USM-285 Form. The clerk shall provide to the USMS the completed USM-285 forms and copies of this order, the summons and the operative complaint for service upon each defendant who has not waived service. The clerk also shall provide to the USMS a copy of the CDCR Report of E-Service Waiver.

2. In order to expedite the resolution of this case, the court orders as follows:

a. No later than 90 days from the date of this order, defendants shall serve and file a motion for summary judgment or other dispositive motion. A motion for summary judgment must be supported by adequate factual documentation and must conform in all respects to Federal Rule of Civil Procedure 56, and must include as exhibits all records and incident reports stemming from the events at issue. A motion for summary judgment also must be accompanied by a Rand notice so that plaintiff will have fair, timely and adequate notice of what is required of him in order to oppose the motion. Woods v. Carey, 684 F.3d 934, 935 (9th Cir. 2012) (notice requirement set out in Rand v. Rowland, 154 F.3d 952 (9th Cir. 1998), must be served concurrently with motion for summary judgment). A motion to dismiss for failure to exhaust available administrative remedies (where such a motion, rather than a motion for summary judgment for failure to exhaust, is appropriate) must be accompanied by a similar notice. Stratton v. Buck, 697 F.3d 1004, 1008 (9th Cir. 2012); Woods, 684 F.3d at 935 (notice requirement set out in Wyatt v. Terhune, 315 F.3d 1108 (9th Cir. 2003), overruled on other grounds by Albino v. Baca, 747 F.3d 1162, 1166 (9th Cir. 2014) (en banc), must be served concurrently with motion to dismiss for failure to exhaust available administrative remedies).

If defendants are of the opinion that this case cannot be resolved by summary judgment or other dispositive motion, they shall so inform the court prior to the date their motion is due. All papers filed with the court shall be served promptly on plaintiff.

b. Plaintiff must serve and file an opposition or statement of non-opposition to

the dispositive motion not more than 28 days after the motion is served and filed.

c. Plaintiff is advised that a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case. Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact – that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in [current Rule 56(c)], that contradicts the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial. Rand v. Rowland, 154 F.3d 952, 962-63 (9th Cir. 1998) (en banc) (App. A).

Plaintiff also is advised that a motion to dismiss for failure to exhaust available administrative remedies under 42 U.S.C. § 1997e(a) will, if granted, end your case, albeit without prejudice. You must "develop a record" and present it in your opposition in order to dispute any "factual record" presented by the defendants in their motion to dismiss. Wyatt v. Terhune, 315 F.3d 1108, 1120 n.14 (9th Cir. 2003). You have the right to present any evidence to show that you did exhaust your available administrative remedies before coming to federal court. Such evidence may include: (1) declarations, which are statements signed under penalty of perjury by you or others who have personal knowledge of relevant matters; (2) authenticated documents – documents accompanied by a declaration showing where they came from and why they are authentic, or other sworn papers such as answers to interrogatories or depositions; (3) statements in your complaint insofar as they were made under penalty of perjury and they show that you have personal knowledge of the matters state therein. In considering a motion to dismiss for failure to exhaust, the court can decide disputed issues of fact with regard to this portion of the case.

United States District Court
Northern District of California

Stratton, 697 F.3d at 1008-09.

(The Rand and Wyatt/Stratton notices above do not excuse defendants' obligation to serve said notices again concurrently with motions to dismiss for failure to exhaust available administrative remedies and motions for summary judgment.  Woods, 684 F.3d at 935.)

d.    Defendants must serve and file a reply to an opposition not more than 14 days after the opposition is served and filed.

e.    The motion shall be deemed submitted as of the date the reply is due.  No hearing will be held on the motion unless the court so orders at a later date.

3.    Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16 is required before the parties may conduct discovery.

4.    All communications by plaintiff with the court must be served on defendants, or defendants' counsel once counsel has been designated, by mailing a true copy of the document to defendants or defendants' counsel.

5.    It is plaintiff's responsibility to prosecute this case.  Plaintiff must keep the court and all parties informed of any change of address and must comply with the court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED**.

Dated:  April 10, 2026

_____
CHARLES R. BREYER
United States District Judge