United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JAMES KERN, BX3065,
Plaintiff,
v.
SARA ARRIERO GOFF, NP,
Defendant(s).

Case No. 25-cv-10555-CRB (PR)

**ORDER SCREENING FIRST AMENDED COMPLAINT AND SETTING BRIEFING SCHEDULE ON MOTION TO REVOKE IFP STATUS**

(ECF Nos. 16 & 18)

On April 10, 2026, the court screened pursuant to 28 U.S.C. § 1915A plaintiff's pro se prisoner complaint under 42 U.S.C. § 1983 alleging that, while he was incarcerated at Pelican Bay State Prison (PBSP), Nurse Practitioner Sara Arriero Goff (NP Goff) was deliberately indifferent to his medical needs in violation of the Eighth Amendment. The court dismissed plaintiff's allegations that during a medical visit on October 20, 2025, NP Goff used profanity towards him and had him escorted to another prison clinic for treatment for failure to state a viable § 1983 claim for damages for violation of the Eighth Amendment. But the court found that, liberally construed, plaintiff's allegations that NP Goff later altered plaintiff's pending order/referral for physical therapy for his ankles to one for physical therapy for his back intentionally and without justification appear to state an arguably cognizable § 1983 claim for damages against NP Goff for deliberate indifference to plaintiff's serious medical needs in violation of the Eighth Amendment and ordered NP Goff served.

On June 26, 2026, defendant waived her right to reply to the complaint pursuant to 42 U.S.C. § 1997e(g) and three days later sought an extension of time to file a dispositive motion. The court granted an extension of time until October 7, 2026, to file a dispositive motion.

On July 9, 2026, plaintiff filed a First Amended Complaint (FAC) against defendant NP Goff alleging substantially the same facts he alleged in the original complaint. The court screens

United States District Court
Northern District of California

the FAC pursuant to 28 U.S.C. § 1915A and again finds that, liberally construed, plaintiff's allegations that defendant intentionally altered plaintiff's order for physical therapy so that he does not receive therapy for his ankles appear to state an arguably cognizable § 1983 claim for damages against defendant for deliberate indifference to plaintiff's serious medical needs in violation of the Eighth Amendment.

On July 17, 2026, defendant waived her right to reply to the FAC and filed a motion to revoke plaintiff's leave to proceed in forma pauperis (IFP) pursuant to 28 U.S.C. § 1915(g). Plaintiff shall file a response to the motion to revoke his IFP status within 28 days of this order, and defendant shall file a reply to plaintiff's response, if any, within 14 days of the response's filing on ECF.

**IT IS SO ORDERED**.

Dated: July 21, 2026

CHARLES R. BREYER
United States District Judge