UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JAMES KERN, BX3065,

Plaintiff,

v.

SARA ARRIERO GOFF, NP,

Defendant(s).

Case No. 25-cv-10555-CRB (PR)

**ORDER GRANTING MOTION TO REVOKE PLAINTIFF'S IN FORMA PAUPERIS STATUS**

(ECF No. 18)

**I.**

Plaintiff, a prisoner at the California Health Care Facility (CHCF) in Stockton and frequent litigant in federal court, filed a pro se complaint under 42 U.S.C. § 1983 alleging that, while he was incarcerated at Pelican Bay State Prison (PBSP) in Crescent City, PBSP Nurse Practitioner Sara Arriero Goff (NP Goff) was deliberately indifferent to his medical needs during a medical visit on October 20, 2025. Plaintiff also moved for leave to proceed in forma pauperis (IFP) under 28 U.S.C. § 1915.

On April 10, 2026, the court granted plaintiff leave to proceed IFP under § 1915 and screened the complaint pursuant to 28 U.S.C. § 1915A. The court dismissed plaintiff's allegations that during a medical visit on October 20, 2025, NP Goff used profanity towards him and had him escorted to another prison clinic for treatment for failure to state a viable § 1983 claim for damages for violation of the Eighth Amendment. But the court found that, liberally construed, plaintiff's allegations that NP Goff later altered plaintiff's pending order/referral for physical therapy for his ankles to one for physical therapy for his back intentionally and without justification appear to state an arguably cognizable § 1983 claim for damages against NP Goff for deliberate indifference to plaintiff's serious medical needs in violation of the Eighth Amendment and ordered NP Goff served.

On July 9, 2026, plaintiff filed a First Amended Complaint (FAC) against defendant NP Goff alleging substantially the same facts he alleged in the original complaint.

United States District Court
Northern District of California

On July 21, 2026, the court screened the FAC pursuant to § 1915A and again found that, liberally construed, plaintiff's allegations that defendant intentionally altered plaintiff's order for physical therapy so that he does not receive therapy for his ankles appear to state an arguably cognizable § 1983 claim for damages against defendant for deliberate indifference to plaintiff's serious medical needs in violation of the Eighth Amendment.

On July 17, 2026, defendant waived her right to reply to the FAC and filed a motion to revoke plaintiff's leave to proceed IFP pursuant to 28 U.S.C. § 1915(g). Plaintiff has filed a response, and defendant has filed a reply.

**II.**

The Prison Litigation Reform Act of 1995 (PLRA) was enacted, and became effective, on April 26, 1996. It provides that a prisoner may not bring a civil action or appeal a civil judgment under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). "Section 1915(g)'s cap on prior dismissed claims applies to claims dismissed both before and after the [PLRA's] effective date." Tierney v. Kupers, 128 F.3d 1310, 1312 (9th Cir. 1997).

Defendant has shown that plaintiff has had three or more prior prisoner actions dismissed by a federal court on the grounds that they are frivolous, malicious, or fail to state a claim upon which relief may be granted. See, e.g., Kern v. Alphonso, No. 1:24-cv-01195-KES-SAB (PC) (E.D. Cal. Dec. 3, 2025) (order of dismissal on grounds that action fails to state claim upon which relief may be granted); Kern v. Pelican Bay Transp. Officer, No. 25-cv-07288-CRB (PR) (N. D. Cal. Nov. 14, 2025) (same); Kern v. Superior Ct. of Cal., No. 2:24-cv-02149-TLN-EFB (PC) (E.D. Cal. Apr. 8, 2025) (same); Kern v. Patel, No. 24-cv-09353-CRB (PR) (N.D. Cal. Jan. 17, 2025) (order of dismissal on grounds that action is duplicative and abusive under § 1915A(b)). Plaintiff therefore may proceed IFP only if he is seeking relief from a danger of serious physical injury which was "imminent" at the time of filing. See Andrews v. Cervantes, 493 F.3d 1047,

United States District Court
Northern District of California

1053 (9th Cir. 2007). Plaintiff is not. Nor has he demonstrated otherwise in his response to defendant's motion to revoke IFP status pursuant to § 1915(g). Cf. Andrews v. King, 398 F.3d 1113, 1120 (9th Cir. 2005) (plaintiff must be afforded opportunity to persuade court that § 1915(g) does not bar pauper status for him).

**III.**

For the foregoing reasons, defendant's motion to revoke plaintiff's IFP status (ECF No. 18) pursuant to 28 U.S.C. § 1915(g) is GRANTED. Plaintiff must pay the requisite $405.00 filing fee within 28 days of this order, or this action will be dismissed without prejudice to his bringing it in a new paid complaint.

The clerk is instructed to terminate the motion appearing on ECF as item number 18.

**IT IS SO ORDERED**.

Dated: August 12, 2026

CHARLES R. BREYER
United States District Judge