UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JAMES KERN, BX3065,
Plaintiff,
v.
SARA ARRIERO GOFF, NP,
Defendant(s).

Case No. 25-cv-10555-CRB (PR)

**ORDER OF DISMISSAL**

On August 12, 2026, the court granted defendants' motion to revoke plaintiff's in forma pauperis (IFP) status in this prisoner action pursuant to 28 U.S.C. § 1915(g). After plaintiff responded to the motion and defendant filed a reply, the court found that defendant had shown that plaintiff has had "three or more prior prisoner actions dismissed by a federal court on the grounds that they are frivolous, malicious, or fail to state a claim upon which relief may be granted," Aug. 12, 2026, Order (ECF No. 23) at 2 (citing cases), and that plaintiff had not demonstrated that he is seeking relief from a danger of serious physical injury "which was 'imminent' at the time of filing," id. at 2-3 (citing Andrews v. Cervantes, 493 F.3d 1047, 1053 (9th Cir. 2007)). The court instructed plaintiff to "pay the requisite $405.00 filing fee within 28 days of this order, or this action will be dismissed without prejudice to bringing it in a new paid complaint." Id. at 3.

Plaintiff did not pay the requisite $405 filing fee within the designated time. Instead, he filed an untimely second response to defendant's motion to revoke IFP status insisting that he is seeking relief from a danger of serious physical injury which was imminent at the time of filing because defendant's alleged altering of his pending order/referral for physical therapy for his ankles to one for his physical therapy for his back after his October 20, 2025, medical visit with defendant has resulted in plaintiff permanently being in a wheelchair. See ECF No. 26 at 1-2. But plaintiff's regrettable wheelchair status does not demonstrate that he was under imminent danger

United States District Court
Northern District of California

United States District Court
Northern District of California

of serious physical injury "fairly traceable" to defendant's actions at the time of filing. See Ray v. Lara, 31 F.4th 692, 700 (9th Cir. 2022) (§ 1915(g) "requires a nexus between the alleged imminent danger and the violations of the law alleged in the prisoner's complaint"). After all, defendant showed in connection with her motion to revoke plaintiff's IFP status that by the time plaintiff filed this action on December 9, 2025, defendant had separated from employment with the California Department of Corrections and Rehabilitation (CDCR) and no longer provided nursing care to plaintiff. See Kammer Decl. (ECF No. 18-1) ¶ 2. Section 1915(g)'s "imminent danger" exception cannot be triggered solely by complaints of past injury. Accord Cruz v. Baker, No. 18-cv-1641-LJO-SAB, 2018 WL 11241283, at *1 (E.D. Cal. Dec. 13, 2018) (finding that past incidents of alleged excessive force by guard employed at prison where prisoner plaintiff was formerly incarcerated do not meet imminent physical danger exception under § 1915(g)).

This action accordingly is DISMISSED without prejudice to bringing it in a new paid complaint.

The clerk is directed to close the case and terminate all pending motions as moot.

**IT IS SO ORDERED**.

Dated: September 11, 2026

CHARLES R. BREYER
United States District Judge